USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/06/2024

**MEMORANDUM ENDORSEMENT**

*In re Purdue Pharma L.P., et al.*, 7:24-cv-02958 (NSR)

    The Court is in receipt of the attached letter from Purdue Pharma L.P. and its affiliates (the "Debtors"), dated June 13, 2024, seeking leave to file a motion to dismiss *pro se* Appellant Amanda Morales's ("Appellant") appeal. (ECF No. 10.) The Court is also in receipt of the letters from Appellant—dated July 2, July 3, July 9, July 12, and July 29, 2024—opposing leave. (ECF Nos. 13, 14, 18, 20, and 24.)

    The Court waives the pre-motion conference requirement and grants the Debtors leave to file a motion to dismiss in accordance with the following briefing schedule:

(1) The Debtors' moving papers are to be served (not filed) on October 7, 2024;
(2) Appellant's opposition papers are to be served (not filed) on November 22, 2024; and
(3) The Debtors' reply papers are to be served on December 13, 2024.

All motion papers are to be filed by the Debtors (including Appellant's papers) on the reply date, December 13, 2024. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The Debtors are further directed to provide the Court with electronic courtesy copies of the motion papers (including Appellant's papers) as they are served per this Court's local emergency civil rules.

    The Court is also in receipt of Appellant's Motion to Take Judicial Notice (ECF No. 19) and Motion for Leave to File Sur-reply (ECF No. 26). Appellant's Motion to Take Judicial Notice is STRICKEN as it raises arguments best reserved for motion practice. Appellant's Motion for Leave to File a Sur-reply is STRICKEN as the Debtors have not filed their moving papers on their motion to dismiss.

    Finally, the Court is in receipt of Appellant's letters alleging that the Debtors have acted in bad faith with respect to her appeals process. (ECF Nos. 21 and 25.) As the Appellant does not clearly articulate the relief she requests and any grounds for such relief, the Court takes no action.

    The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 10, 19, and 26. The Clerk of Court is further directed to mail a copy of this endorsement to *pro se* Appellant at the address listed on ECF and to show service on the docket.

Dated: September 6, 2024
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

**Davis Polk**

James I. McClammy
+1 212 450 4584
james.mcclammy@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

June 13, 2024

Re: *In re Purdue Pharma L.P., et al.*, Case No. 24-cv-2958 (NSR)

Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Dear Judge Román:

We write on behalf of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-referenced chapter 11 proceedings (collectively, the "Debtors" or "Purdue") pursuant to Rule 3.A. of Your Honor's Individual Practices in Civil Cases to respectfully request leave to move to dismiss Appellant Amanda Morales's appeal because her appeal was untimely pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8002(a) and because the appeal is an improper appeal of an interlocutory order.

**Factual and Procedural Background**

On September 15, 2019, Purdue filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *In re Purdue Pharma L.P. et al.*, No. 19-23649 (Bankr. S.D.N.Y.). Appellant Amanda Morales is a pro se litigant who has been active in Purdue's chapter 11 proceedings, including by filing various duplicative filings with the Bankruptcy Court.

On July 14, 2021, Ms. Morales filed a motion for summary judgment, asking the Bankruptcy Court to "grant[] summary judgment as a matter of law" with respect to her claim against Purdue because her "situation with the serotonin syndrome that caused [her] father's death is different and [she] should not have to wait to have restitution." (Motion for Summary Judgment, Bankr. Dkt. 3191 (the "Initial Motion").)[1] The Bankruptcy Court denied Ms. Morales's Initial Motion, explaining that it would be inappropriate under "strong principle[s] of bankruptcy law" to decide Ms. Morales's claim prior to deciding the claims of the 140,000 other claimants, and advised Ms. Morales that she can only recover on her claim by following the procedures set forth in the Debtors' plan of reorganization. (*See* Aug. 16, 2021 Confirmation Hearing Tr. at 51:16-25, 54:3-12, Bankr. Dkt. 3581.)

---

[1] Citations in the form of "Bankr. Dkt. __" refer to documents filed in the Bankruptcy Court, and citations in the form of "Dkt. __" are to documents filed in the docket of this bankruptcy appeal.

# Davis Polk

Since her Initial Motion, Ms. Morales has filed six motions and letters with the Bankruptcy Court[2] seeking the same relief as her Initial Motion.  Most recently, Ms. Morales filed what was titled a complaint (Complaint, Bankr. Dkt. 6148 (the "Complaint")) and, about a month later, a letter (Claimant's Objection to Discharge Creditor Debt, Bankr. Dkt. 6245 (the "Letter").)  Both the Complaint and the Letter raised the same issues raised in each of her previous Bankruptcy Court filings.

In response to the multiple filings and communications with Chambers, on March 27, 2024, the Bankruptcy Court issued an order directing Ms. Morales to "cease filing . . . duplicative requests" and "barr[ing] [Ms. Morales] from contacting the Court by email." (Order Regarding Contact with Chambers, Bankr. Dkt. 6274 (the "Order").)  The Order explained that "to the extent Ms. Morales is seeking relief before the Court regarding outstanding, meritorious legal issues . . . she is directed to file an appropriate pleading in writing."  (*Id*. at 2.)  The Order did not address the merits of Ms. Morales's previously denied requests for relief.

On April 12, 2024, sixteen days after the Order was filed, Ms. Morales filed a notice of appeal, and on April 16, 2024, filed an amended notice of appeal with the Bankruptcy Court.  (Notice of Appeal, Bankr. Dkt. 6310; Amended Notice of Appeal, Bankr. Dkt. 6312.)   Ms. Morales did not submit a motion seeking an extension of time to appeal or a motion to appeal an interlocutory order.

**Ms. Morales's Appeal is Untimely**

Bankruptcy Rule 8002 governs the time for filing a notice of appeal, specifying that litigants have "14 days after entry of the judgment, order, or decree being appealed" to file an appeal.  Fed. R. Bankr. P. 8002(a)(1); *see also Sterling v. Carlebach (In re Sterling)*, 690 Fed. Appx. 747, 747 (2d Cir. 2017) ("An appeal to the district court from an order of the bankruptcy court must be made within 14 days.").  It is well established that an appellant's failure to timely file an appeal deprives the appellate court of jurisdiction over the appeal.  *Siemon v. Emigrant Savs. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) ("[I]n the absence of a timely notice of appeal . . . the district court is without jurisdiction to consider the appeal.").[3]

The Order that Ms. Morales seeks to appeal was filed and entered on March 27, 2024.  (Order, Bankr. Dkt. 6274.)  Ms. Morales filed her Notice of Appeal of the Order on April 12, 2024 (Notice of Appeal, Bankr. Dkt. 6310; Amended Notice of Appeal, Bankr. Dkt. 6312), two days after the 14-day period mandated by Bankruptcy Rule 8002.  Accordingly, Ms. Morales's notice of appeal was untimely, and this Court is without jurisdiction to entertain the appeal.  *In re Sterling*, 690 at 748 n.1 (affirming dismissal of *pro se* appeal filed "16 days after the entry of the bankruptcy court's order.").

---

[2] *See* Bankr. Dkt, 3994, 4289, 5782, 6148, 6245, 6309.

[3] Under Bankruptcy Rule 8002, the court may extend the time to file a notice of appeal if the party files a motion requesting such relief that "shows excusable neglect."  Fed. R. Bank. P. 8002(d)(1)(B).  Because Ms. Morales has not made such a request to the Bankruptcy Court, this exception does not apply and will not be addressed in this Motion.  *See In re Siemon*, 421 F.3d at 169 ("[T]he time limit contained in Rule 8002(a) is jurisdictional, and [] in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'")

**Davis Polk**

**Ms. Morales Improperly Seeks to Appeal an Interlocutory Order**

Ms. Morales's appeal should be dismissed for the separate, independent reason that it is an improper interlocutory appeal from a non-final Bankruptcy Court order.  Pursuant to 28 U.S.C. § 158(a), district courts have appellate jurisdiction over "final judgments, orders, and decrees" of the Bankruptcy Court or, alternatively, from interlocutory orders and decrees "with leave of the court."  Because the Order is interlocutory and Ms. Morales has not sought leave to file an appeal, this Court lacks appellate jurisdiction.

In the Second Circuit, a bankruptcy court order is "final" if the order "completely resolve[s] all of the issues pertaining to a discrete claim."  *In re Fugazy Exp., Inc.*, 982 F.2d 769, 776 (2d Cir. 1992); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) ("Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case.").  Absent such differentiation between a final order and an interlocutory order, "an aggrieved litigant could stop or hinder lower court proceedings simply by filing an unauthorized notice of appeal" and "interrupt the progress of the proceeding at will."  *In re Keene Corp.*, 166 B.R. 31, 33 (Bankr. S.D.N.Y. 1994).

The Order appealed from here—a two-page procedural order simply directing a litigant how to proceed—unquestionably is interlocutory.  The Order does not resolve the merits of any of Ms. Morales's claims against Purdue or of any discrete disputes within the chapter 11 cases themselves.  The purpose of the Bankruptcy Court's Order is solely to end Ms. Morales's frequent, improper contact with the Bankruptcy Court and her filing of duplicative requests.  (*See generally* Order.)  Indeed, the Bankruptcy Court did not foreclose Ms. Morales's ability to bring a proper motion, but provided that, "to the extent Ms. Morales is seeking relief before the Court regarding outstanding, meritorious legal issues that she might have in the above-captioned cases, she is directed to file an appropriate pleading . . . ."  (*Id*. at 2.)  Accordingly, there is no final, appealable order at issue in this appeal.  *See In re Adelphia Commc'ns Corp*., 333 B.R. 649, 660 (S.D.N.Y. 2005) (holding that a bankruptcy court's determinations in a procedural order are "not final, because they direct the parties to engage in or participate in further proceedings and do not resolve any substantive issue.").[4]

Thus, the Debtors respectfully request leave to move to dismiss Ms. Morales's bankruptcy appeal.

---

[4] Additionally, although not raised by Ms. Morales, to the extent this Court is inclined to consider, *sua sponte*, whether to grant Ms. Morales leave to appeal under Bankruptcy Rule 8003, the circumstances of this appeal do not satisfy the extraordinary requirements for that relief.  To hear an appeal of an interlocutory order, the order being appealed from must "(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion," and the movant must also show that "(3) an immediate appeal would materially advance the ultimate termination of the litigation."  *In re Adelphia Commc'ns Corp*., 333 B.R. at 658 (citing 28 U.S.C. § 1292(b)).  Furthermore, "leave to appeal is warranted only when the movant demonstrates the existence of exceptional circumstances."  *Id.* at 663 (finding "no exceptional circumstances" existed to "justify a departure from the final judgment rule" prohibiting interlocutory appeals).  As discussed above, the Order appealed from here is entirely procedural and does not resolve any controlling question of law nor would resolution of this appeal materially advance Purdue's ultimate restructuring.  There also do not exist any exceptional circumstances that would justify an interlocutory appeal here, particularly given that the Bankruptcy Court expressly advised Ms. Morales that she may file an "appropriate pleading in writing."  (Order at 2.)  For these reasons, if considered, leave to appeal the Order should not be granted.

**Davis Polk**

Respectfully submitted,

/s/ *James I. McClammy*

James I. McClammy

**Electronic Filing**

June 13, 2024

4